UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASSIEL JAIME ARAGON PLIEGO, A-240-174-379,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>          Respondent. | No.  1:26-cv-01382-DJC-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 7.  For the reasons set forth below, the undersigned recommends the petition be granted.

**BACKGROUND**

**A.  Factual Background**

Petitioner initiated this action on February 17, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a noncitizen currently detained pending immigration removal proceedings, and that he has been detained since November 2025. *Id*. ¶¶ 18-19.  He alleges that he entered the United States in 2004 and has two minor children here. *Id*. at 6-8; *see also* ECF No. 12 at 4-5.  He alleges that, since his arrest in November 2025, he has not had a hearing before a judge to determine whether his ongoing detention is warranted. ECF No. 1 ¶¶ 19-20.

1

In his return to the petition for writ of habeas corpus, respondent does not dispute petitioner's factual allegations.  ECF No. 10.  Respondent contends that petitioner is a citizen and national of Mexico, who was arrested by the United States Parks Service on August 20, 2025 in the Sequioa National Park for having an open container of alcohol and for driving under the influence with a blood alcohol level of 0.08% or higher.  *Id*. at 2 & Exs. 3, 4.  When he appeared in court for his initial appearance on that case, on November 20, 2025, he was served by Immigration and Customs Enforcement (ICE) with a Notice to Appear charging him with 8 U.S.C. § 1182(a)(6)(A)(i).  *Id*. at 2 & Exs. 1, 3; *see also United States v. Aragon Pliego*, No. 1:25-mj-00127-SAB-1, Doc No. 3 (E.D. Cal. Nov. 20, 2025).[1]

A review of the docket in *United States v. Aragon Pliego*, No. 1:25-mj-00127-SAB-1, indicates that, on March 19, 2026, petitioner pled guilty to violation of 36 C.F.R. § 4.23(a)(2), and was sentenced to a prison term of ten days, with credit for time served.  *United States v. Aragon Pliego*, No. 1:25-mj-00127-SAB-1, Doc No. 19 (E.D. Cal. March 19, 2026).  Petitioner waived his appeal rights and his case was closed on March 20, 2026.  *United States v. Aragon Pliego*, No. 1:25-mj-00127-SAB-1, Doc No. 20 (E.D. Cal. March 20, 2026).  Respondent represents that petitioner's removal proceedings are pending, but an order of removal has not issued, and that petitioner's current detention is mandated under 8 U.S.C. § 1225(b)(2).  ECF No. 10 at 1-2 & Ex. 5.

In his Traverse, petitioner does not dispute the factual representations made by respondent.  *See* ECF No. 12 at 4-5.

**B.  Procedural Background**

Petitioner initiated this action in propria persona on February 17, 2026, with a motion to proceed in forma pauperis and motion to appoint counsel.  ECF Nos. 1-3.  On February 19, 2026, the matter was referred to the undersigned, ECF No. 7, and, on February 23, 2026, the

---

[1] Judicial notice is taken of the orders and filings in *United States v. Aragon Pliego*, No. 1:25-mj-00127-SAB-1, Doc No. 3 (E.D. Cal.), pursuant to Federal Rule of Civil Procedure 201. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

undersigned granted the motion to proceed in forma pauperis; granted the motion to appoint counsel; set a schedule for the filing of an answer to the petition and reply thereto; and ordered respondent not to transport petitioner outside the judicial district pending further order of the court. ECF No. 8; *see also* ECF No. 9. On March 13, 2026, respondent filed a return. ECF No. 10. On April 2, 2026, petitioner filed a traverse, in which he requests his immediate release. ECF No. 12.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts one claim for relief: that his procedural due process rights are violated by his ongoing detention without a hearing before a neutral decision-maker. ECF No. 1 ¶¶ 46-49. As relief, he requests his immediate release or, in the alternative, that he be granted a bond hearing. *Id*. at 17; ECF No. 12 at 3-4, 15-17. Respondent represents that petitioner's current detention is mandated under 8 U.S.C. § 1225(b)(2), and thus petitioner has no cognizable liberty interest under the Fifth Amendment in being free from detention. ECF No. 10 at 1-3. For the reasons set forth below, the undersigned recommends the petition be granted and the respondent ordered to provide petitioner with a bond hearing consistent with 8 U.S.C. § 1226(a) and its implementing regulations.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal

3

and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Here, petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach. *See* ECF No. 1 ¶ 33. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Since petitioner's entry to the United States over twenty years ago, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including familial connections and employment. *See* ECF No. 1 at 6-8; ECF No. 12 at 4-5 & Exs. A, B; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*").

Respondent argues that, notwithstanding this, petitioner's lawful detention under 8 U.S.C. § 1225(b)(2), abrogates his liberty interest. The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States. *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). Here, however, respondent fails to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b)(2). Respondent argues that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provisions in § 1225(b). ECF

4

No. 10 at 1.  Respondent's position is unpersuasive.  As many courts have already concluded, respondent's argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases). Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A). Respondent urges that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have resided in the United States for many years at the time they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)); *see Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding same); *Guerra Flores v. Chestnut*, No. 2:26-CV-00627-DJC-CSK, 2026 WL 926071, at *1 (E.D. Cal. Apr. 6, 2026) (endorsing reasoning set forth in *Castanon-Nava*, 161 F.4th 1048); *see also Pardo Ruiz v. Warden of the Golden State Annex Detention Facility*, No. 1:26-CV-0976-DC-JDP, 2026 WL 764769, at *2 (E.D. Cal. Mar. 18, 2026) (concluding same); *Lopes Santana v. Marin, et al.*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *3-5 (E.D. Cal. Mar. 17, 2026), *report and recommendation adopted* No. 1:26-CV-0915-DJC-JDP, 2026 WL 853376 (E.D. Cal. Mar. 27, 2026) (same); *Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *4 (E.D. Cal. Dec. 22, 2025) (same); *Labrador-Prato v. Noem*, No. 1:25-CV-01598-DC-SCR (HC), 2025 WL 3458802, at *4 (E.D. Cal. Dec. 2, 2025) (same); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8-12 (N.D. Cal. Sept. 12, 2025) (same); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025) (same). Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a).  *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36.  As such, he is entitled to a custody

5

redetermination hearing before an Immigration Judge at which he shall be released if he can show he is not a danger to the community or flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); 8 C.F.R. §§ 236.1(d)(1), 1003.19. Accordingly, respondent fails to show that petitioner is subject to the expedited removal proceedings codified at 8 U.S.C. § 1225(b)(2), such that petitioner possesses a lesser liberty interest implicated by his ongoing detention for the purposes of the due process analysis.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 1 ¶ 34. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor. *See* ECF No. 1 ¶ 35. Absent a finding that petitioner is a flight risk or danger to the community, respondent's interest in petitioner's detention is low. *See Ortega*, 415 F. Supp. 3d at 970; see also *Hernandez*, 872 F.3d at 994. Here, respondent has represented that petitioner has been arrested for criminal infractions in the past, including a 2025 arrest for driving under the influence for which he ultimately was convicted in this court, but respondent does not argue that any of these incidents individually or in the aggregate indicate petitioner's present flight risk or

6

danger to the community. *See* ECF No. 10 at 2-3. To the extent that respondent's factual recitation is meant to imply that bond should not be granted, respondent makes no argument as to why that determination could not be appropriately made by an Immigration Judge, at a hearing consistent with 8 U.S.C. § 1226(a) and its implementing regulations. *See id*. The effort and cost required to provide petitioner with such procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094; *Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al*., No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge consistent with 8 U.S.C. § 1226(a) and its implementing regulations, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment. Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted.

As relief, petitioner requests his immediate release or, in the alternative, that the court order respondent to provide petitioner with a bond hearing before an Immigration Judge at which respondent must show by clear and convincing evidence that petitioner is a flight risk or danger to the community, should respondent seek to continue to detain him. ECF No. 1 at 17. As this court has recently observed, in similar cases "[c]ourts in this Circuit have ordered both forms of relief. Some courts have found that a bond hearing is the proper remedy[,] . . . [and] [o]ther courts have held that release is the proper remedy." *Lopes Santana*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5. Given the particular facts of this case and the nature of petitioner's claim for relief, the undersigned finds the proper remedy to be a bond hearing. Here, the harm suffered by petitioner is respondent's failure to provide him the bond hearing to which he is statutorily entitled and this harm can be remedied by the provision of such a hearing. *See id*.; *see also Rodriguez*, 779 F. Supp. 3d at 1263. Additionally, the undisputed record establishes

that petitioner has suffered at least one recent criminal conviction,[2] for driving under the influence, and a post-deprivation bond hearing will allow respondent the opportunity to demonstrate that bond is not appropriate while also "significantly reduc[ing] the risk of [petitioner's] erroneous deprivation." *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D. Cal. 2025). Due, however, to the considerable interest petitioner possesses in his liberty from detention, such a hearing should occur no later than five days from the date of the order granting the petition. *See Lopes Santana*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 853376, at *1; *Lopes Santana*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 746995, at *5; *Archundia v. Wofford*, No. 1:26-CV-01452-DJC-CSK, 2026 WL 607977, at *2 (E.D. Cal. Mar. 4, 2026). Such a hearing must be conducted in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Lopes Santana*, No. 1:26-CV-0915-DJC-JDP, 2026 WL 853376, at *1.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED;

2. Respondent be ORDERED to provide petitioner (Jassiel Jaime Aragon Pliego, A-240-174-379) a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered, no later than five (5) days of the District Court's Order;

3. Petitioner's Motion for Immediate Release (ECF No. 12) be DENIED; and

4. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] There is currently very little information before the court as to the circumstances of the conviction for driving with a blood alcohol level of 0.08% or higher, but the plea agreement and sentence to time served (i.e., 10 days) does not suggest the sort of aggravating facts supportive of petitioner's long term detention due to his being a danger to the community.

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE